## PARKER v. ELMIRA, C. & N. R. CO.

(Supreme Court, Appellate Division, Third Department. March 2, 1898.)

1. RAILROADS—PASSENGER RATES—REPEAL OF CHARTER.
    Laws 1890, c. 565, § 37, providing that "every" railroad company "may" collect certain rates of fare, repeals a provision of a charter of a railroad company (Laws 1872, c. 594, § 5) authorizing it to fix its own rates, since the intent of the legislature was to fix a uniform rule as to railroad fares.

2. SAME—OVERCHARGE—INADVERTENCE.
    When, under the advice of its counsel, a railroad company makes an overcharge, the right to which might be legally considered a fairly doubtful question, it constitutes an inadvertence or mistake not amounting to gross negligence, within the terms of Laws 1890, c. 565, § 39, imposing a forfeiture of $50 on any railroad corporation which shall ask or receive more than the lawful rate of fare, unless such overcharge was made through inadvertence or mistake not amounting to gross negligence.

Appeal from special term.

Action by Joseph Parker against the Elmira, Cortland & Northern Railroad Company. Judgment for defendant. Plaintiff appeals. Affirmed.

The action was brought to recover $50.07, a penalty of $50 and 7 cents overcharge, under section 39 of the railroad law (chapter 565, Laws 1890), which provides: "Any railroad corporation which shall ask or receive more than the lawful rate of fare, unless such overcharge was made through inadvertence or mistake not amounting to gross negligence, shall forfeit fifty dollars, to be recovered with the excess so received by the party paying the same." February 25, 1895, the plaintiff was a passenger upon defendant's train from Freeville to Cortland, a distance of 10.41 miles. Before taking passage, he purchased a ticket at defendant's station from its agent for the trip, and was charged and paid 40 cents for it. If section 37 of the railroad law fixed the rate of fare, it should not have exceeded 33 cents, being "three cents for every such mile or fraction thereof." The defense was: (1) A right to charge four cents per mile, under section 5, c. 594, Laws 1872, which provides: "The Utica, Ithaca & Elmira Railroad are hereby authorized to charge a fare not exceeding four cents a mile on said road: * * * provided they shall furnish commutation tickets in amounts not less than ten dollars, not transferable, at the rate of two cents per mile." The Utica, Ithaca & Elmira Railroad Company and its successors, including the defendant, did furnish the commutation tickets pursuant to this statute, and the defendant still does so. (2) That, if it did not have such legal right, it supposed it had, and thus the excessive charge was made through inadvertence or mistake, not amounting to gross negligence. The defendant, in charging four cents per mile, acted upon the advice of its counsel that it had the right to do so. The trial court found for the defendant upon the latter ground. The defendant is the successor in interest of the Utica, Ithaca & Elmira Railroad Company, the owner and operator of the railroad when chapter 594, Laws 1872, was enacted. In 1878, upon foreclosure sale under a mortgage given by this com-

pany, the railroad and the franchises of the company were sold to Goodlow & Lindley, acting for the bond and stockholders of the company, who, associating others with them, organized the Utica, Ithaca & Elmira Railway Company, to which company they thereupon conveyed the railroad and franchises. This company then gave a mortgage upon the railroad and franchises of the new company, and in 1884 the same were sold under judgment of foreclosure to Corbin & Maxwell, who, associating others with them, thereupon organized the defendant, to which they conveyed the railroad and franchises.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

Hull Greenfield, for appellant.

D. W. Van Hoesen, for respondent.

LANDON, J.    It is true that in the list of acts declared repealed by the railroad law of 1890, chapter 594, Laws 1872, under which the defendant charged the plaintiff four cents per mile, is not found. In Beardsley v. Railroad Co., 15 App. Div. 251, 44 N. Y. Supp. 175, we reached the conclusion "that it was the intent of the legislature to include within the classification of section 37 every railroad corporation except the New York Central, and prescribe the only rule or rules which should govern the entire subject." In addition to what was there said, it may be remarked that the act of 1890 is professedly one of a series of general laws. It is the railroad law. It was enacted after 60 years of experiment, evolution, and development in railroad construction and operation. The railroad system had passed beyond the day of special laws for special needs, and the legislature supposed it could deal with it in a manner fitted to its maturity and uniformity. Thus the greater reason for holding that the legislature did intend that its general act should supersede all former special acts, and that chapter 594, Laws 1872, is repealed by implication. But, assuming this to be so, it does not follow that the defendant has incurred the penalty. The act imposing it excepts an overcharge made through "mistake not amounting to gross negligence." Whether the general act repealed the special one by implication is a matter not patent upon the face of the general act, but is an inference of law. What the inference of law is may remain unknown until the courts declare it. Meantime parties who are called upon to interpret the two statutes, and act upon them, may make a mistake as to the ultimate ruling of the court. It is often hard in such cases for the mistaken party to pay the actual damages which his mistake has caused. In this respect, ignorance of the law is no excuse. But when it comes to imposing a penalty in addition, then, if the statute opens a way of escape for the mistaken offender, the statute should be liberally construed in his favor, and rigidly against the party seeking to recover the penalty. What we should hold if the statute did not contain this exception, we need not say. We think section 37 is so framed as to exempt the defendant from this penalty. The plaintiff would, no doubt, be entitled to recover the overcharge,—seven cents,—but such a nominal recovery would not protect him from costs.

The plaintiff contends that section 5 of the act of 1872, which gave the right to the Utica, Ithaca & Elmira Railroad Company to charge

four cents per mile, was unconstitutional, because the act was a local or private one, embracing more than one subject, and not expressing this one in its title.    The act was entitled "An act to authorize the Utica, Ithaca & Elmira Railroad Company to extend their road, and to confirm their purchase of a portion of the roadbed of the Lake Ontario, Auburn & New York Railroad, and for other purposes."    He also contends that the defendant, as the successor company through various transfers, some of them to individuals, did not acquire the franchise to charge four cents per mile, even if the act were valid.    If either of these contentions is valid,—a question we need not decide,—the defendant, for the reasons already stated, would not be liable for the penalty.

Judgment affirmed, with costs.    All concur.