JOSEPH PARKER, Appellant, *v.* THE ELMIRA, CORTLAND AND NORTHERN RAILROAD COMPANY, Respondent.

*Railroad company — when not liable to a penalty for charging an excessive fare — all special acts on this subject are repealed by the Railroad Law — what mistake relieves from the penalty.*

The Railroad Law (Chap. 565 of the Laws of 1890, as amended by chap. 676 of the Laws of 1892) is a general act, and was intended to repeal all former special acts relating to the subject-matter thereof, and by implication repeals chapter 594 of the Laws of 1872, a special act under which the Utica, Ithaca and Elmira Railroad Company was permitted to charge a fare of four cents per mile on its road, although the latter act is not included in the list of acts stated in the Railroad Law to be repealed by it.

Where a passsenger is overcharged by a railroad company, acting under the advice of counsel that it had a right to make the charge in question, and such right depends upon the question whether a special act authorizing it has been repealed by implication by the Railroad Law, a matter not patent upon

the face of the latter act, the case comes within the exception contained in section 39 of the Railroad Law, and is a "mistake not amounting to gross negligence," and the penalty of fifty dollars prescribed by that section cannot be recovered.

APPEAL by the plaintiff, Joseph Parker, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Tompkins on the 13th day of February, 1896, upon the decision of the court dismissing the complaint rendered after a trial before the court without a jury at the Tompkins Circuit.

The action was brought to recover fifty dollars and seven cents, a penalty of fifty dollars and seven cents overcharge, under section 39 of the Railroad Law (Chap. 565, Laws of 1890, as amended by chap. 676 of the Laws of 1892) which provides : " Any railroad corporation which shall ask or receive more than the lawful rate of fare, unless such overcharge was made through inadvertence or mistake, not amounting to gross negligence, shall forfeit fifty dollars, to be recovered with the excess so received by the party paying the same."

February 25, 1895, the plaintiff was a passenger upon defendant's train from Freeville to Cortland, a distance of ten and forty-one one-hundredths miles. Before taking passage he purchased a ticket at defendant's station from its agent for the trip and was charged and paid forty cents for it. If section 37 of the Railroad Law fixed the rate of fare it should not have exceeded thirty-three cents, being " three cents for every such mile or fraction thereof."

The defense was :

(1) A right to charge four cents per mile under section 5, chapter 594, Laws 1872, which provides : " The Utica, Ithaca and Elmira Railroad are hereby authorized to charge a fare not exceeding four cents per mile on said road,  *   *   *  provided they shall furnish commutation tickets in amounts of not less than ten dollars, not transferable, at the rate of two cents per mile."

The Utica, Ithaca and Elmira Railroad Company and its successors, including the defendant, did furnish the commutation tickets pursuant to this statute, and the defendant still does so.

(2) That if it did not have such legal right, it supposed it had, and thus the excessive charge was made through inadvertence or mistake, not amounting to gross negligence. The defendant, in charging four cents per mile, acted upon the advice of its counsel

that it had the right to do so. The trial court found for the defendant upon the latter ground.

The defendant is the successor in interest of the Utica, Ithaca and Elmira Railroad Company, the owner and operator of the railroad when chapter 594, Laws 1872, was enacted. In 1878, upon foreclosure sale under a mortgage given by this company, the railroad and the franchises of the company were sold to Goodlow & Lindley, acting for the bond and stockholders of the company, who, associating others with them, organized the Utica, Ithaca and Elmira Railway Company, to which company they thereupon conveyed the railroad and franchises. This company then gave a mortgage upon the railroad and franchises of the new company, and in 1884 the same were sold under judgment of foreclosure to Corbin & Maxwell, who, associating others with them, thereupon organized the defendant, to which they conveyed the railroad and franchises.

*Hull Greenfield*, for the appellant.

*D. W. Van Hoesen*, for the respondent.

LANDON, J.:

It is true that in the list of acts declared repealed by the Railroad Law of 1890, chapter 594, Laws 1872, under which the defendant charged the plaintiff four cents per mile, is not found. In *Beardsley v. N. Y., L. Erie & W. R. R. Co.* (15 App. Div. 251) we reached the conclusion "that it was the intent of the Legislature to include within the classification of section 37 every railroad corporation except the New York Central, and prescribe the only rule or rules which should govern the entire subject." In addition to what was there said, it may be remarked that the act of 1890 is professedly one of a series of general laws. It is *the* Railroad Law. It was enacted after sixty years of experiment, evolution and development in railroad construction and operation. The railroad system had passed beyond the day of special laws for special needs, and the Legislature supposed it could deal with it in a manner fitted to its maturity and uniformity. Thus the greater reason for holding that the Legislature did intend that its general act should supersede all former special acts, and that chapter 594, Laws of 1872, is repealed by implication.

But, assuming this to be so, it does not follow that the defendant has incurred the penalty. The act imposing it excepts an overcharge made through " mistake not amounting to gross negligence." Whether the general act repealed the special one by implication is a matter not patent upon the face of the general act, but is an inference of law. What the inference of law is may remain unknown until the courts declare it. Meantime, parties who are called upon to interpret the two statutes and act upon them, may make a mistake as to the ultimate ruling of the court. It is often hard in such cases for the mistaken party to pay the actual damages which his mistake has caused. In this respect ignorance of the law is no excuse. But, when it comes to imposing a penalty in addition, then, if the statute opens a way of escape for the mistaken offender, the statute should be liberally construed in his favor and rigidly against the party seeking to recover the penalty. What we should hold if the statute did not contain this exception we need not say. We think section 37 is so framed as to exempt the defendant from this penalty. The plaintiff would, no doubt, be entitled to recover the overcharge, seven cents, but such a nominal recovery would not protect him from costs.

The plaintiff contends that section 5 of the act of 1872, which gave the right to the Utica, Ithaca and Elmira Railroad Company to charge four cents per mile, was unconstitutional because the act was a local or private one, embracing more than one subject, and not expressing this one in its title. The act was entitled : " An act to authorize the Utica, Ithaca and Elmira Railroad Company to extend their road, and to confirm their purchase of a portion of the roadbed of the Lake Ontario, Auburn and New York railroad, and for other purposes."

He also contends that the defendant, as the successor company, through various transfers, some of them to individuals, did not acquire the franchise to charge four cents per mile even if the act were valid.

If either of these contentions is valid, a question we need not decide, the defendant, for the reasons already stated, would not be liable for the penalty.

The judgment should be affirmed, with costs.

All concurred.

Judgment affirmed, with costs.