## TULLIS v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department. April 18, 1902.)

1. STREET RAILROADS — EXCESSIVE FARES — REFUSAL TO ACCEPT TRANSFER—PENALTY—DEFENSE—CONSTRUCTION OF STATUTES.

Laws 1890, c. 565, § 39, provided that any railroad company which shall charge more than the lawful rate of fares shall forfeit a penalty, unless such overcharge was made through inadvertence or mistake, not amounting to gross negligence; and section 105 prescribes the same penalty for refusal by a street railway to give a passenger a continuous trip over its various lines to any point thereon for a single fare, by means of transfers furnished without extra charge. *Held* that, the two sections being in pari materia as to excessive fares, the defense provided for by section 39 for violation thereof was available in an action under section 105 for requiring a passenger who had a valid transfer to pay additional fare.

2. SAME—REFUSAL TO ACCEPT TRANSFER—STATUTORY DEFENSE—SUFFICIENCY OF EVIDENCE.

Under Laws 1890, c. 565, §§ 39, 105, imposing a penalty upon street railways for charging excessive fares or for refusing to furnish passengers with a continuous trip, by means of transfers, for one fare, where a street car conductor wrongfully refused to accept a valid transfer tendered by a passenger some minutes after he boarded the car, and required him to pay additional fare, but before he left the car offered to return the fare and accept the transfer, the circumstances were sufficient to show that the overcharge was due to "mistake not amounting to gross negligence," which, as provided by section 39, relieved the company from liability.

Appeal from municipal court, borough of Queens.

Action by William B. Tullis against the Brooklyn Heights Railroad Company. From a 'judgment in favor of plaintiff, defendant appeals. Reversed.

I. R. Oeland, for appellant.
William B. Tullis, pro se.

WILLARD BARTLETT, J.　On November 7, 1901, shortly after 3 o'clock, p. m., the plaintiff became a passenger upon one of the

defendant's cars on its Nassau avenue line in the borough of Brooklyn, paying the regular fare of five cents to the conductor of the car, and intending to travel by that and the connecting lines of the defendant, including the Lorimer street line, to the borough of Manhattan. On reaching the junction of Manhattan avenue and Nassau avenue, according to the plaintiff's testimony, he obtained from the defendant's transfer agent at that point a transfer ticket which read as follows:

"Brooklyn Heights Railroad Company. Transfer from Nassau avenue to Union, Graham, Crosstown and Lorimer street lines at Nassau and Manhattan avenues. [Numbered in the right hand corner 25, and numbered at the left hand, 1625418.] Good only on date punched on next connecting car, and void after time punched. Not transferable. Subject to the rules of the company. Punched November 7, at 3:15 p. m."

The plaintiff states that some 15 minutes elapsed after he alighted from the Nassau avenue car before any car came along on the Lorimer street line; that he took the first car; that the conductor did not call for his ticket until the car had traveled as far as Metropolitan avenue. The time was then about a quarter to 4 o'clock. The conductor refused to accept the transfer ticket, and informed the plaintiff that he must pay or get off the car, whereupon the plaintiff paid the additional five cents thus demanded, and proceeded on his journey. According to the conductor's testimony, the plaintiff did not enter the Lorimer street car anywhere near the junction of Nassau and Manhattan avenues, but got on, with some other passengers, 16 blocks further along the route; and he says he based his refusal to accept the transfer ticket upon the ground that it was only good at the corner of Nassau avenue and Manhattan avenue. There being a direct conflict of evidence as to the point at which the plaintiff boarded the Lorimer street car, and the trial court having accepted the version of the occurrence given by the plaintiff, rather than that given by the defendant's conductor, we must dispose of the appeal upon the assumption that the plaintiff's account of what happened is correct. It further appears that when the plaintiff was about to leave the Lorimer street car the conductor offered to take the transfer ticket and to return to the plaintiff the five cents which he had been forced to pay, but the plaintiff refused to accept the money. On account of this alleged exaction of excessive fare, the plaintiff has recovered judgment for a penalty of $50, under certain provisions of the railroad law. These provisions are as follows:

"Sec. 39. Penalty for Excessive Fare.—Any railroad corporation, which shall ask or receive more than the lawful rate of fare, unless such overcharge was made through inadvertence or mistake, not amounting to gross negligence, shall forfeit fifty dollars, to be recovered with the excess so received by the party paying the same; but no action can be maintained therefor, unless commenced within one year after the cause of action accrued." Laws 1890, c. 565.

"Sec. 105. Contracting Corporations to Carry for One Fare; Penalty.— Every such corporation entering into such contract shall carry or permit any other party thereto to carry between any two points on the railroads or portions thereof embraced in such contract any passenger desiring to make one continuous trip between such points for one single fare, not higher

than the fare lawfully chargeable by either of such corporations for an adult passenger. Every such corporation shall upon demand, and without extra charge, give to each passenger paying one single fare a transfer, entitling such passenger to one continuous trip to any point or portion of any railroad embraced in such contract, to the end that the public convenience may be promoted by the operation of the railroads embraced in such contract substantially as a single railroad with a single rate of fare. For every refusal to comply with the requirements of this section the corporation so refusing shall forfeit fifty dollars to the aggrieved party. The provisions of this section shall only apply to railroads wholly within the limits of any one incorporated city or village." Laws 1890, c. 565, as amended by Laws 1892, c. 676.

Under the provisions of section 105, it is plain that a passenger desiring to make such a continuous trip as that which was contemplated by the plaintiff could not be deprived of his right to be carried for a single fare by giving him a transfer ticket which should be useless upon the first car which came along after he reached the point at which the transfer was to be made. Assuming the truth of the plaintiff's testimony, it is apparent, therefore, that the defendant incurred the statutory penalty by requiring the plaintiff to pay the additional five cents which was demanded and received by the conductor on the Lorimer street line, unless the effect of the conductor's act was modified by his subsequent offer to accept the transfer ticket and return the overcharge.

Considering sections 39 and 105 of the railroad law together, it will be observed that they impose the prescribed penalty of $50 for two classes of acts,—(1) for exacting excessive fare; and (2) for refusing to give a passenger a transfer from one connecting line to another. There was no refusal to give the required transfer ticket in the present case. This action, therefore, can be maintained only on the ground that an excessive fare was exacted. The provisions of section 39 and section 105 in respect to excessive fares are in pari materia, and must be construed together. Thus viewed, it seems to me that where the exaction is in violation of both sections the defense provided for in section 39 is available, and a railroad corporation, sued as is the defendant here, can relieve itself from liability for the penalty by showing, as provided for in section 39, that "such overcharge was made through inadvertence or mistake, not amounting to gross negligence." To my mind, the fact that the conductor, before the plaintiff left the Lorimer street car, offered to accept the transfer ticket held by the plaintiff, and to restore to him the five cents which he had paid, warrants and requires the inference that the overcharge was mistakenly made, and made under circumstances which did not constitute gross negligence. The omission of the conductor to notice the plaintiff with the ticket in his hand shortly after he entered the car may well be regarded as merely an inadvertence, and the conductor's refusal to receive it at first, when the plaintiff tendered it to him many blocks further on, was a natural mistake, in view of the conductor's supposition that the plaintiff had then only just boarded the car. If the plaintiff had accepted the proffered five cents and gone on his way, he would have suffered no possible injury; and I think it would be a very

harsh application of the law, and one not justified by the facts, to hold that the statutory penalty was recoverable in such a case as this.

I think the judgment should be reversed.

Judgment reversed and new trial ordered, costs to abide event. All concur.