NANCY GOODSPEED, Appellant, *v.* ITHACA STREET RAILWAY COM-
PANY, Respondent.

*Evidence — proof necessary to the enforcement of a statutory penalty — excessive
charge by railway company — mistake of fact and of law.*

A party sued for a statutory penalty is entitled to the benefit of every reasonable
doubt in the construction of the statute under which the penalty is claimed.

A street railway company which, in good faith, and without gross negligence,
charges a fare of more than five cents, on the erroneous assumption that it was
entitled to do so under section 37 of the Railroad Law (Laws of 1890, chap. 565,
as amd. by Laws of 1892, chap. 676), is not liable for the penalty imposed by
section 39 of the Railroad Law upon a railway company which overcharges its
patrons.

*It seems,* that such a mistake on the part of a railroad company partakes of the
nature of a mistake of fact as well as of the nature of a mistake of law.

APPEAL by the plaintiff, Nancy Goodspeed, from a judgment of
the Supreme Court in favor of the defendant, entered in the office
of the clerk of the county of Tompkins on the 28th day of April,
1902, upon the decision of the court, rendered after a trial before
the court without a jury, the parties having waived a jury trial, dis-
missing the plaintiff's complaint.

This action was brought against the defendant under section 39
of the Railroad Law (Laws of 1890, chap. 565). Upon the trial
before the court without a jury the court determined that the defend-
ant was not liable for the penalty, and directed a dismissal of the
complaint, with costs. From the judgment entered upon this direc-
tion the plaintiff has appealed.

*H. H. Rockwell,* for the appellant.

*E. A. Denton,* for the respondent.

SMITH, J.:

This case cannot be distinguished from the case of *Parker* v.
*E., C. & N. R. R. Co.* (27 App. Div. 383). Section 39 of the Rail-
road Law, under which this action is brought, provides that the
penalty shall not be incurred if " such overcharge was made through
inadvertence or mistake, not amounting to gross negligence." In
the *Parker* case the plaintiff was suing for a penalty for an over-

charge by the defendant in that case.   The defendant claimed the right to make the charge complained of under a certain special statute under which the road was incorporated.   The court at Circuit held that their right to make that charge under the special statute was doubtful, but that their mistake, though one of law, was such a mistake as relieved them from the penalty prescribed in section 39 of the Railroad Law.   This court, upon appeal, sustained the Circuit upon its interpretation of this section of the statute.   That judgment was affirmed by the Court of Appeals (165 N. Y. 274) upon the ground that the special statute authorized, as was claimed by the defendant, the charge which had been made.   Judge O'BRIEN, in writing the opinion in the Court of Appeals, expresses a doubt as to whether, if that statute had not authorized the charge, the mistake of law would have been such a mistake as is contemplated by the statute prescribing the penalty. The remarks made upon that subject were expressly stated to be *obiter*, and the decision cannot be deemed to have overruled the decision of this court upon that question.

Following then our decision in the *Parker* case we must affirm the judgment of the Trial Term.   It is perhaps unnecessary to give further reason unless to add one or two suggestions to the argument as then made.   The rule that a party sued for a penalty has the benefit of every reasonable doubt in the construction of a statute will hardly be questioned.   In *Chase* v. *N. Y. Central R. R. Co.* (26 N. Y. 525) Judge MARVIN, in writing the opinion for the court, says : " In statutes giving a penalty, if there be reasonable doubt of the case made upon the trial or in the pleadings coming within the statute, the party of whom the penalty is claimed is to have the benefit of such doubt."   It is undoubtedly true that it is a general principle of law that ignorance of the law will not excuse.   The application of this rule of law in many cases works a great hardship, although it can be seen to be a necessary principle of the criminal law, for otherwise any criminal might escape by pleading his ignorance of the law and the criminal law would thereby become ineffective.   It is generally a rule of law that is necessary in determining civil rights.   I think, however, that this rule of law has never been applied where it will work a hardship, except under some general rules of necessity as above indicated.   Moreover, it is

not in every instance that mistake of law will not excuse. In 5 Lawyers' Reports Annotated (p. 155), in an elaborate note upon " Mistake of Legal Rights," the author says : " Wherever a person is ignorant or mistaken with respect to his own antecedent and existing private legal rights either of property or contract or personal status, and enters into some transaction the legal scope and operation of which he correctly apprehends and understands, equity will grant its relief, defensive or affirmative, treating the mistake as analogous to, if not identical with, a mistake of fact." To this rule many English cases are cited. Judge O'BRIEN, in discussing the *Parker* case in the Court of Appeals, speaks of this right to charge in the following language : " That this right was a privilege or franchise in the nature of property which vested in the corporation, and until repealed is entitled to the same protection from invasion as any other species of property, cannot be doubted." These authorities are cited, not as authorities upon the direct question at issue, but as showing the nature of this property right, and that a mistake as to the extent of that property right is such a mistake as may be made the basis of equitable relief. This only adds force to the contention of the defendant that in the construction of this penal statute the mistake which relieves the defendant from the penalty should be construed as a mistake of law as well as a mistake of fact. The trial court has found that the defendant's contention that the right existed under section 37 of the Railroad Law (as amd. by Laws of 1892, chap. 676) to charge more than five cents by reason of the grade which was overcome, was a mistake made in good faith and without gross negligence. This finding is not challenged by the learned counsel for the plaintiff.

The judgment must, therefore, be affirmed, with costs.

All concurred.

Judgment affirmed, with costs.