### GOODSPEED v. ITHACA ST. RY. CO.

(Supreme Court, Appellate Division, Third Department. November 11, 1903.)

1. RAILROADS—OVERCHARGE—MISTAKE IN GOOD FAITH.

Laws 1890, p. 1096, c. 565, § 39, imposing a forfeiture of $50 on any railroad corporation asking more than the lawful rate of fare, unless the overcharge was made through inadvertence or mistake not amounting to gross negligence, does not impose the forfeiture on a company making an overcharge through a mistake made in good faith as to the effect of section 37, making the rates of fare for the transportation of passengers depend on the grades which were overcome by the road.

Appeal from Trial Term, Tompkins County.

Action by Nancy Goodspeed against the Ithaca Street Railway Company. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

This action was brought against the defendant under section 39 of the general railroad law (Laws 1890, p. 1096, c. 565). Upon the trial before the court without a jury the court determined that the defendant was not liable for the penalty, and directed a dismissal of the complaint, with costs. From the judgment entered upon this direction, the plaintiff has appealed.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

H. H. Rockwell, for appellant.
Halliday & Denton, for respondent.

SMITH, J. This case cannot be distinguished from the case of Parker v. E. C. & N. Railroad Company, 27 App. Div. 383, 49 N. Y. Supp. 1127. Section 39 of the railroad law (Laws 1890, p. 1096, c. 565), under which this action is brought, provides that the penalty shall not be incurred if "such overcharge was made through inadvertence or mistake, not amounting to gross negligence." In the Parker Case the plaintiff was suing for a penalty for an overcharge by the defendant in that case. The defendant claimed the right to make the charge complained of under certain special statutes under which the road was incorporated. The court at Special Term held that their right to make that charge under the special statutes was doubtful, but that their mistake, though one of law, was such a mistake as relieved them from the penalty prescribed in section 39 of the general railroad law. This court, upon appeal, sustained the Special Term upon its interpretation of this section of the statute. That judgment was affirmed by the Court of Appeals upon the ground that the special statutes authorized, as was claimed by the defendant, the charge which had been made. Judge O'Brien, in writing the opinion in the Court of Appeals, expresses a doubt as to whether, if these statutes had not authorized the charge, the mistake of law would have been such a mistake as is contemplated by the statute prescribing the penalty. The remarks made upon that subject were expressly stated to be obiter, and the decision cannot be deemed to have overruled the decision of this court upon that question.

Following, then, our decision in the Parker Case, we must affirm the judgment of the Special Term. It is perhaps unnecessary to give further reason, unless to add one or two suggestions to the argument as then made. The rule that a party sued for a penalty has the benefit of every reasonable doubt in the construction of a statute will hardly be questioned. In Chase v. N. Y. Central R. R. Co., 26 N. Y. 525, Judge Marvin, in writing the opinion for the court, says:

"In statutes giving a penalty, if there be a reasonable doubt of the case made upon the trial, or in the pleadings coming within the statute, the party of which the penalty is claimed is to have the benefit of such doubt."

It is undoubtedly true that it is a general principle of law that ignorance of the law will not excuse. The application of this rule of

law in many cases works a great hardship, although it can be seen to be a necessary principle of the criminal law, for otherwise any criminal might escape by pleading his ignorance of the law, and the criminal law would thereby become ineffective. It is generally a rule of law that is necessary in determining civil rights. I think, however, that this rule of law has never been applied where it will work a hardship, except under some general rules of necessity as above indicated. Moreover, it is not in every instance that mistake of law will not excuse. In Page v. Higgins, 5 L. R. A. 155, in an elaborate note upon "Mistake of Legal Rights" the author says:

"Whenever a person is ignorant or mistaken with respect to his own antecedent and existing private legal rights, either of property, or contract, or personal status, and enters into some transaction the legal scope and operation of which he correctly apprehends and understands, equity will grant its relief, defensive or affirmative, treating the mistake as analogous to, if not identical with, a mistake of fact."

To this rule many English cases are cited. Judge O'Brien, in discussing the Parker Case in the Court of Appeals, speaks of this right to charge in the following language:

"That this right was a privilege or franchise in the nature of property which vested in the corporation, and until repealed is entitled to the same protection from invasion as any other species of property, cannot be doubted."

These authorities are cited, not as authorities upon the direct question at issue, but as showing the nature of this property right, and that a mistake as to the extent of that property right is such a mistake as may be made the basis of equitable relief. This only adds force to the contention of the defendant that in the construction of this penal statute the mistake which relieves the defendant from the penalty should be construed as a mistake of law as well as a mistake of fact. The trial court has found that the defendant's contention that the right existed under section 37 of the railroad law to charge more than five cents by reason of the grade which was overcome was a mistake made in good faith, and without gross negligence. This finding is not challenged by the learned counsel for the plaintiff.

The judgment must therefore be affirmed, with costs. All concur.