(97 App. Div. 111.)

## LEE v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department. July 28, 1904.)

1. RAILROADS—FAILURE TO FENCE TRACK—STATUTES—INJURIES TO ANIMALS—
LIABILITY.

A railroad is liable for injuries to animals on its right of way caused by its failure to comply with Laws 1892, p. 1390, c. 676, § 32, requiring every railroad corporation to maintain fences on the sides of its road of height and strength sufficient to prevent cattle, horses, sheep, and hogs from going on its road from the adjacent land, etc.

2. SAME—CONSTRUCTION.

Under Laws 1892, p. 1390, c. 676, § 32, requiring every railroad to fence the sides of its road, to keep out cattle, horses, sheep, etc., but declaring that no railroad need be fenced when not necessary to prevent horses, cattle, sheep, etc., from going on its track from the adjoining lands, a railroad company was not bound to fence its right of way within the city of New York to keep out horses pastured on certain city blocks, where a public highway intervened between such property and the railroad's right of way.

Appeal from Municipal Court, Borough of Brooklyn, First District.

Action by Daniel Lee against the Brooklyn Heights Railroad Company. From a Municipal Court judgment in favor of defendant, plaintiff appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

Benjamin F. Norris, for appellant.
H. F. Ives, for respondent.

WOODWARD, J. The plaintiff rented certain real estate between Fifth and Sixth avenues and between Thirty-Seventh and Thirty-Eighth streets in the borough of Brooklyn, which he used for a pasture for his horses. The defendant operates and controls a certain line of street surface railroad in a cut about 60 feet deep, which cut is near the lands occupied by the plaintiff, and appears to be through a private right of way. It appears that at some time there had been a fence along the lines of the lands mentioned, but that in March, 1903, certain employés of the defendant railroad company had entered upon the premises for the purpose of fastening guy wires, or something of that kind, in connection with some work which they were doing, and that they had torn down the fence along the plaintiff's premises, and that it had remained down until October of the same year, when one of the plaintiff's horses, while grazing, got too near the edge of the cut, and the land caved from under his feet, and he was precipitated to the bottom of the cut, resulting in his death. The plaintiff brings this action to recover the value of the horse, basing his action upon the provisions of section 32 of chapter 676, p. 1390, of the Laws of 1892. Upon the trial the learned Municipal Court dismissed the complaint upon the merits at the close of the evidence. The plaintiff appeals.

¶ 1. See Railroads, vol. 41, Cent. Dig. § 1411.

Section 32 of the act above mentioned provides, in so far as it is relevant to the matter now before us, that:

"Every railroad corporation, and any lessee or other person in possession of its road, shall, before the lines of its road are opened for use, and so soon as it has acquired the right of way for its roadway erect and thereafter maintain fences on the sides of its road of height and strength sufficient to prevent cattle, horses, sheep and hogs from going upon its road from the adjacent lands with farm crossings and openings with gates therein at such farm crossings whenever and wherever reasonably necessary for the use of the owners and occupants of the adjoining lands. * * * No railroad need be fenced, when not necessary to prevent horses, cattle, sheep and hogs from going upon its track from the adjoining lands."

We are of opinion that, under the established law of this state, if it was shown that the defendant had failed to erect and maintain "fences on the sides of its road of height and strength sufficient," etc., it would be liable for all damages resulting from a failure to discharge this duty. Graham v. President, etc., of D. & H. C. Co., 46 Hun, 386; Donnegan v. Erhardt, 119 N. Y. 468, 473, 474, 23 N. E. 1051, 7 L. R. A. 527, and authorities there cited. The difficulty with the case at bar, however, is that the plaintiff has failed to produce evidence showing that the defendant had failed to discharge the duty required by the statute. The duty to construct fences is not absolute. It is only when it is necessary to prevent horses, cattle, sheep, and hogs from going upon its tracks from the adjoining lands. It was in evidence that this accident to plaintiff's horse occurred within the limits of the city of New York. The plaintiff testified that the red plot upon the map or diagram in evidence represented the part that he paid rent for, and this map shows that a portion of Thirty-Eighth street was included in the red plot, while the railroad runs adjacent, not to the lots as outlined upon the map, but to the highway. That is, the plaintiff's map shows blocks 78 and 82, Sixth avenue running between them, though apparently not opened, while south of these blocks runs Thirty-Eighth street, a portion of which appears not to be opened, although alleged to be a public highway, and still south of this highway is the defendant's railroad, running through a cut upon a private right of way through blocks 77 and 81. The defendant denied the allegation of the complaint that the plaintiff's horse on the 11th day of October, 1903, was lawfully in and upon a certain lot or tract of land at or near the intersection formed by Thirty-Eighth street and Sixth avenue, public highways in the borough of Brooklyn, etc.; and it appears from the diagram or map that Thirty-Eighth street intervened between the lands rented by the plaintiff and the defendant's right of way, so that it may be questioned whether, under the statute, it was necessary to construct a fence, for we might almost take judicial notice of the fact that horses may not be lawfully pastured in the public highways of the city of New York, and that where a public highway intervenes between the premises where horses and cattle are pastured and the railroad, within such city, there is no duty resting upon the defendant, because it is "not necessary to prevent horses, cattle, sheep and hogs from going upon the track from the adjoining lands." The only evidence in relation to fences was the testimony of the plaintiff that there had been a fence along the edge

of his lots for a period of ten years, or since the construction of defendant's road; but a fence along the edge of his lots, as shown by his diagram, would be on the northerly side of the highway, and within the boundaries of blocks 77 and 81, so that a highway and portions of the land contained in block 77 intervene between the place where plaintiff's horses were being pastured. The fact that a fence along the edge of plaintiff's lots had been torn down and destroyed by defendant's employés months before does not show that the defendant had neglected to construct and maintain a proper fence along the sides of its road, and there is absolutely no evidence in this case that the plaintiff's horse fell upon the defendant's tracks or right of way. While the evidence does not disclose the real situation, the most probable explanation of the matter—and the plaintiff's diagram suggests this view—is that Thirty-Eighth street was not opened east of about the middle of block 78, and that Sixth avenue was not opened between Thirty-Seventh and Thirty-Eighth streets, and that the plaintiff, renting blocks 78 and 82, lying on either side of Sixth avenue, and made use of the latter avenue and that portion of Thirty-Eighth street which remained unopened, in common with the two blocks mentioned, as a pasture land, and that the defendant railroad company, or the public authorities, had excavated a portion of Thirty-Eighth street to the level of the defendant's railroad running through the cut in blocks 77 and 81, lying to the south of plaintiff's premises, and that the horse fell into this highway, and not upon the defendant's right of way at all. In short, the plaintiff's map makes it certain to our mind that the defendant's railroad is not adjacent to the plaintiff's land, and that the plaintiff's horse, grazing in the highway, fell into an excavation made within the limits of such highway, and was killed. At least, there is no evidence that he was killed upon the defendant's right of way, and, if he was not, the plaintiff can gain no rights under the statute, even if there was no fence along the sides of its tracks, and upon this point there is likewise no evidence.

The judgment appealed from should be affirmed, with costs. All concur.