GRIFFITH EVANS, as Executor, Etc., Respondent, *v.* THE UTICA AND MOHAWK VALLEY RAILWAY Co., Appellant.

(County Court, Oneida County, July, 1904.)

Railroad Law, § 32 — Liability thereunder of a street surface railroad for failing to maintain cattle guards at a road crossing in the country.

> The provisions of section 32 of the Railroad Law, requiring every railroad corporation to maintain cattle guards at all road crossings sufficient to prevent cattle, etc., from going upon its railroad, apply to a street surface railroad company incorporated under section 1 of that act, and where the company fails to provide such guards at a road crossing it is liable, to the owner thereof, for the value of a cow which passed from a road to the tracks and was killed there by one of its cars.

APPEAL from a judgment recovered by plaintiff against defendant before J. P. Gubbins, a justice of the peace of the city of Rome, on the 26th day of August, 1903.

Kernan & Kernan, for appellant.

Lee & Senior, for respondent.

DUNMORE, J. This is an action for negligence. The defendant is a domestic railroad corporation and, at the time of the accident, was operating a line of surface suburban railway between the cities of Rome and Utica. About one and one-half miles west of the village of Oriskany the defendant's tracks cross a road forming what is known as "Kirley's crossing." At the time of the accident the defendant's road was fenced, but there were no cattle guards to prevent cattle from going upon the defendant's tracks. A cow belonging to plaintiff's testator went upon defendant's tracks and was killed. Plaintiff recovered a verdict in justice's court for fifty dollars. The only ground of negligence alleged is the failure of defendant to construct and maintain cattle guards as provided by section 32 of the Railroad Law. That section provides as follows: Every railroad corporation,

and any lessee or other person in possession of its road, shall, before the lines of its road are opened for use, and so soon as it has acquired the right of way for its roadway erect and thereafter maintain fences on the sides of its road of height and strength sufficient to prevent cattle, horses, sheep and hogs from going upon its road from the adjacent lands with farm crossings and openings with gates therein at such farm crossings whenever and wherever reasonably necessary for the use of the owners and occupants of the adjoining lands, and shall construct where not already done, and hereafter maintain, cattle guards at all road crossings, suitable and sufficient to prevent cattle, horses, sheep and hogs from going upon its railroad. So long as such fences are not made, or are not in good repair, the corporation, its lessee or other person in possession of its road, shall be liable for all damages done by their agents or engines or cars to any domestic animals thereon.

"When made and in good repair, they shall not be liable for any such damages, unless negligently or willfully done. A sufficient post and wire fence of requisite height shall be deemed a lawful fence within the provisions of this section, but barbed wire shall not be used in its construction.

"No railroad need be fenced, when not necessary to prevent horses, cattle, sheep and hogs from going upon its track from the adjoining lands."

Defendant contends that it is a street surface railroad and is governed by article 4, sections 90 to 110, of the Railroad Law, and that section 32 of that law does not apply to street surface railroads.

Concededly the defendant is not incorporated under sections 90 to 110, because none of those sections relate to that subject. Street railroads must be incorporated under article 1 of the Railroad Law. Hence street railroads cannot be organized and operated exclusively under article 4. If the general provisions of article 1 apply to street surface railroads, why should not the general provisions of article 2 of which section 32 forms a part also apply? The language of section 32 is broad enough to include both steam railroads and street railroads. The section begins: "Every railroad

corporation," etc. In sections 54 and 60, which are not intended to apply to street railroads, the words "steam railroad corporation" and "steam surface railroads" are used, while in article 4 which does not apply to steam railroads the expressions "street surface railroad" and "street railroad" are used.

It would seem, therefore, to have been the intention of the Legislature when it intended to include both classes of railroads to use the expression "Every railroad corporation," and, when it intended to include only one class, to mention that class specifically. My inference, therefore, is that if the Legislature had intended that section 32 of the Railroad Law should apply only to steam roads, it would have used the term "Every steam railroad corporation" instead of "Every railroad corporation" in framing that section. It has been frequently held that the object of that section is not merely to prevent loss to owners of horses and cattle, but also to protect passengers upon trains and cars from accident. The statute should, therefore, be liberally construed so as to effectuate the purpose of its framers and to afford the public adequate protection. Dolan v. N. D. & C. R. R. Co., 120 N. Y. 571.

It was conceded upon the trial that defendant's cars run from twenty-five to forty miles an hour where the accident occurred.

It would seem that passengers, traveling upon street cars, running at such a high rate of speed, would be in greater danger from accident resulting from a collision of a car with an animal upon the track than would passengers upon steam cars in like cases. I can, therefore, see no good reason why in construing the statute section 32 should not be held applicable to street surface railroads.

As that is the only question raised upon this appeal the judgment should be affirmed, with costs.

Judgment affirmed, with costs.