There is no question that the amount recovered by the plaintiff represents the fair value of the support and maintenance of his mother during the time covered by the claim contained in the complaint. It therefore represents the amount which the defendant would have been required to expend in the performance of the agreement during that period, and is the fair measure of the damages accruing to the plaintiff.

I think the amendment to the complaint was properly granted, and it did not materially change the cause of action, and it did not surprise or mislead the defendant. No additional proof was required on his part in view of the amendment, and it was made after the plaintiff rested.

The judgment should be affirmed, with costs.

Judgment affirmed, with costs. All concur.

---

FORTON v. CROSSTOWN ST. RY. CO. OF BUFFALO.

(Supreme Court, Appellate Division, Fourth Department. March 9, 1910.)

MASTER AND SERVANT (§ 236*)—INJURIES—CONTRIBUTORY NEGLIGENCE.

　　In an action by a motorman for personal injuries in a collision, plaintiff *held* guilty of contributory negligence for not fixing a curtain on the door so as to exclude the light from the vestibule, or for not opening the vestibule window to better enable him to see ahead, or for not running the car sufficiently slow to enable him to avoid collision.

　　[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 740; Dec. Dig. § 236.*]

Appeal from Trial Term, Erie County.

Action by Arthur E. Forton against the Crosstown Street Railway Company of Buffalo. From a judgment for plaintiff (63 Misc. Rep. 237, 116 N. Y. Supp. 746), and an order denying a motion for a new trial, defendant appeals. Reversed, and new trial granted.

Argued before McLENNAN, P. J., and WILLIAMS, KRUSE, and ROBSON, JJ.

Norton, Penny & Sears and Dana L. Spring, for appellant.
John T. Ryan, for respondent.

WILLIAMS, J. The judgment and order should be reversed, and a new trial granted, with costs to appellant to abide event.

The action was brought to recover damages for personal injuries. The plaintiff was a motorman upon one of defendant's cars, and ran the car into an oil tank wagon on the track ahead of him, breaking the vestibule of the car, and injuring the plaintiff. It was a dark, rainy night. There was a glass window in front of the vestibule, and it was covered with raindrops. There was no curtain on the glass door between the body of the car and the vestibule, so that the light from the car came into the vestibule, and interfered with the plaintiff's seeing ahead. He kept the window in front of the vestibule nearly closed, open only 2½ or 3 inches, when he might have kept it open wide, and

thus had a better opportunity to see ahead. As it was, he could see out into the darkness ahead only a few feet from the car, not more than 10.

It is claimed that the defendant was negligent in not having a curtain on the front door, and that the accident was caused thereby. I do not care to consider the questions raised as to this branch of the case, because I think plaintiff's right to recover was lost by his own contributory negligence. He knew the condition of things surrounding him, that the curtain was absent, that it was dark and rainy, and the light in the vestibule and the substantially closed window, with the raindrops upon it, prevented his seeing further than 10 feet ahead, and yet he left the window as it was, and ran the car without the curtain so fast that he could not stop it and save a collision with the wagon after it came within his line of vision. He should have fixed a curtain, or opened the vestibule window, and thus secured a better vision ahead, or else he should have run his car so slowly as to have been able to avoid the collision. It would be a mockery of justice to permit him to recover of the defendant for injuries which he brought upon himself, and which his own exercise of reasonable care would have avoided.

The judgment and order should be reversed, and a new trial granted, upon the ground of contributory negligence.

Judgment and order reversed, and new trial ordered, with costs to appellant to abide event. All concur.