WILLIAM E. KENT, as Administrator of the Estate of CHARLES THOMPSON, Deceased, Respondent, *v.* JAMESTOWN STREET RAILWAY COMPANY, Appellant.

Railroads — the provisions of the Railroad Law (Cons. Laws, ch. 49, § 64) relating to actions for injuries to employees are applicable to street surface railroads.

The legislature, by placing section 64 of the Railroad Law, formerly known as section 42a and as the Barnes Act, in the General Railroad Law and referring therein to all railroad corporations, intended it as a general act for the benefit of the employees of railroad corporations without regard to the form of their incorporation or the manner of their doing business; hence, it is applicable to a street surface railroad corporation.

*Kent* v. *Jamestown St. Ry. Co.*, 146 App. Div. 902, affirmed.

(Argued April 5, 1912; decided April 30, 1912.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered October 27, 1911, affirming a judgment in favor of plaintiff entered upon a verdict.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Clinton B. Gibbs* and *Layton H. Vogel* for appellant. Section 42a of the Railroad Law does not apply to street surface railroads, but only to steam railroads. (L. 1906, ch. 657, § 42a.)

*Ford White* for respondent. Electric railroads are included within the operation of the statute. (*Forton* v. *C. R. R. Co.*, 166 N. Y. Supp. 746; *Riccio* v. *I. R. R. Co.*, 117 N. Y. Supp. 720; *Simons* v. *Brooklyn H. R. R. Co.*, 142 App. Div. 36.)

CHASE, J. The plaintiff's intestate, a motorman engaged in running an electric car between the village of Falconer and the city of Jamestown, was killed in a collision with a similar car running upon the same track in the opposite direction, in violation of a signal that had been given to the motorman in charge of that car. The intestate's death resulted from personal injury while in the employment of the defendant, arising solely from the negligence of one of the defendant's employees intrusted by it as a part of his duty with the physical control or direction of the movement of the car which caused the collision. The employee of the defendant having the physical control or direction of the movement of the car that caused the collision was not a fellow-servant of the intestate under section 64 of the Railroad Law (former section 42a). There is but one question requiring our consideration in this opinion, and that is, whether section 64 of the Railroad Law is applicable to a railroad organized as a street surface railroad corporation.

The defendant is organized as a street surface railroad corporation and is engaged in running cars in the city of Jamestown and to and from adjoining villages by electric power conveyed by trolley wires. By the express terms of said section of the Railroad Law it is applicable to "all actions against a railroad corporation, foreign or domestic, doing business in this state, or against a

receiver thereof." It is not by its terms in any way restricted or limited to particular railroads, or to railroads organized for a particular purpose. It was not enacted as an independendent statute but it was added to the Railroad Law by chapter 657 of the Laws of 1906 and became section 42a of article 3 of the chapter, which by its own terms is to be known as the "Railroad Law." In 1906, when that section was added to the Railroad Law, railroads organized as street surface railroads had extended their mileage and so modified their manner of doing business that in many respects they resembled steam railroads. Some steam railroads have changed their motive power upon all or a part of their routes to electricity, and motormen are necessarily employed by railroads organized as steam railroads, and some of the employees of railroads are engaged during a portion of each day on cars propelled by steam, and during another portion of the day upon cars propelled by electricity. Railroads organized and known as street surface railroads frequently extend their routes outside and beyond the streets of cities and villages, and from village to village and from city to city. They run their passenger and freight cars at a rate of speed quite equal to that of an ordinary express train on a steam road, and stop at designated places.

The reasons for changing the common-law rule relating to negligence by a fellow-servant are by many considered as controlling when applied to employees of street surface railroads as to employees of steam railroads. Electric and other cars commonly used by street surface railroads generally stop more frequently and run through less guarded territory than the cars of an ordinary steam railroad, but the whole system of doing business by street surface railroads has become intricate, and a system of signals and rules upon such roads, which must be literally obeyed, is becoming, if it is not now, as important as are signals and rules and their obedience upon steam roads.

The statutes relating to railroads of different kinds were amended, modified, consolidated and continued by chapter 565 of the Laws of 1890. They were again re-arranged, modified and re-enacted by chapter 481 of the Laws of 1910. That act includes an article relating specially to street surface railroads, but by it all railroads must be organized under the second article thereof, and the third article relates to the construction, operation and management of railroads and applies generally to all railroads except as the sections are restricted and limited by their terms. If restrictions and limitations were intended by the Legislature the necessity of noting them was recognized. Some of the sections of that article (sections 50–108) are expressly limited to railroads operated by steam power, as will be seen by reference among others to sections 58, 71, 72, 73, 74, 76, 88, 89 and 99. Other sections in terms refer to steam and street surface railroads, as will be seen by sections 53, 56, 57 and 98, and others are limited to street surface railroads, as will be seen by sections 100 and 101. Several of the sections of said article that refer generally to a "railroad corporation" have been held to include in their provisions railroads organized as "street surface railroads."

Section 52 (former section 32) was so considered in *Evans* v. *Utica & Mohawk Valley R. Co.* (44 Misc. Rep. 345). (See *Lee* v. *Brooklyn Heights R. R. Co.*, 97 App. Div. 111.)

Section 54 (former section 34) was assumed to include the Brooklyn Heights Railroad Company, in *People ex rel. Linton* v. *B. H. R. R. Co.* (69 App. Div. 549; affd., 172 N. Y. 90).

Section 59 (former section 39) was held applicable to street surface railroads in *Goodspeed* v. *Ithaca Street Ry. Co.* (88 App. Div. 147), and that judgment was affirmed in 184 N. Y. 351. The court, by Judge GRAY, referring to that section, say: "The courts below have deemed it generally applicable to all railroad corporations and, as I

have reached the conclusion that the judgment was right, I will not discuss the question of its applicability and I will assume, in that respect, that the view of the courts below was correct."

In *Tullis* v. *Brooklyn Heights R. R. Co.* (71 App. Div. 494) Judge WILLARD BARTLETT, then speaking for the Appellate Division, second department, treated section 59 (former section 39) as including in its provisions street surface railroads.  (See *Enton* v. *Coney Island & B. R. R. Co.*, 136 App. Div. 800; *Bull* v. *N. Y. City Ry. Co.*, 192 N. Y. 361.)

The courts have construed the general language referring to railroad corporations in sections of other articles of the chapter as including street surface railroads.

In *Matter of Brooklyn, Queens Co. & S. R. R. Co.* (185 N. Y. 171) it was held that section 12 (former section 5) relating to the time when corporate powers cease, is applicable to street surface railroads.  (See *City of N. Y.* v. *Bryan*, 196 N. Y. 158.)

In *Matter of Stillwater & Mechanicville Street Ry. Co.* (171 N. Y. 589) this court held that section 22 (former section 12) is applicable to street surface railroads, and the court say (page 594): "It will be observed that each of these provisions of the statute, (former sections 34 and 35, present sections 54 and 55) to which reference has been made, expressly refers to *every railroad corporation*, and thereby includes every railroad incorporated under the provisions of section 2 of the act."  (See *Village of Fort Edward* v. *Hudson Valley Ry. Co.*, 192 N. Y. 139.)

The legislature by placing section 64 of the Railroad Act, formerly known as section 42a and as the Barnes Act, in the General Railroad Act and referring therein to all railroad corporations should be held to have intended it as a general act applicable to all railroads incorporated within its provisions.

It was intended by the legislature for the benefit of the employees of railroad corporations without regard to the

form of their incorporation or the manner of their doing business.

It has been held by other courts in this state that said section applies to street surface railroad corporations. (*Forton* v. *Crosstown Street Ry. Co.*, 63 Misc. Rep. 237; reversed, on a different ground, 137 App. Div. 420; *Riccio* v. *International Ry. Co.*, 63 Misc. Rep. 588; *Simons* v. *Brooklyn H. R. R. Co.*, 142 App. Div 36; *Gorman* v. *B., Q. C. & S. R. R. Co.*, 147 App. Div. 21.)

The accident causing the death of the intestate occurred October 3, 1910. At that time the Railroad Law (Laws of 1910, chapter 481) had been re-enacted and it is to be presumed that the legislature in passing the act had knowledge of the construction theretofore placed upon its language by the courts.

The decisions of the courts of other states construing acts changing the common-law rule relating to the negligence of a fellow-servant are not harmonious. The difference in such decisions is generally explainable by the difference in the language and purpose of the statutes construed.

The judgment should be affirmed, with costs.

CULLEN, Ch. J., GRAY, HAIGHT, VANN, WERNER and WILLARD BARTLETT, JJ., concur.

Judgment affirmed.