(157 App. Div. 828.)

HILDEBRANT v. LEHIGH VALLEY R. CO.

(Supreme Court, Appellate Division, Fourth Department.   July 8, 1913.)

MASTER AND SERVANT (§ 188*)—INJURIES TO SERVANT—SUPERIOR AND IN-
FERIOR SERVANTS.

　　Under Railroad Law (Consol. Laws 1910, c. 49) § 64, making railroad
employés who have control of a locomotive engine or of a train vice
principals and not fellow servants of an employé killed or injured by
their negligence, the executrix of a conductor, killed by the negligence
of an engineer, may recover for his death, even though both employés
were vice principals and the conductor was of superior rank.

　　[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 436;
Dec. Dig. § 188.*]

Appeal from Trial Term, Ontario County.

Action by Jennie A. Hildebrant, as executrix, against the Lehigh
Valley Railroad Company. Judgment for plaintiff for $10,916.08 dam-
ages, and defendant appeals. Affirmed.

Argued before KRUSE, P. J., and ROBSON, FOOTE, LAM-
BERT, and MERRELL, JJ.

Howard Cobb, of Ithaca (Tompkins, Cobb & Cobb, of Ithaca, of
counsel), for appellant.

Merwin W. Lay, of Syracuse (Higbee & Lay, of Syracuse, of coun-
sel), for respondent.

ROBSON, J.   Plaintiff's testator was, at the time of receiving
the injuries which resulted in his death, a freight conductor in de-
fendant's service.   Shortly after midnight on the 17th day of Feb-
ruary, 1910, he, together with an engineer, fireman, and two brake-
men, forming a freight train crew, was directed to take from defend-
ant's Manchester yards an east-bound freight train, which appears to
have been then completely made up, with the exception that it still
lacked the locomotive.   The engineer then in charge of a locomotive,
to the operation of which he was assigned on this occasion, backed it
down upon the front end of the train of cars for the purpose of
coupling it thereto.   The coupling, however, did not "make" on this
first attempt; and the engineer, having been advised of that fact by
the deceased, at the latter's suggestion, moved the locomotive forward
from 15 to 20 feet and stopped.   After the locomotive moved for-
ward, the two brakemen found, on examining the coupling device on
the front end of the forward car, that it did not operate properly, due,
as it appeared, not to any actual defect in the coupler itself, but to a
temporary obstruction of the usual free movement of its mechanism,
which apparently resulted from the severe weather conditions then
obtaining.   The two brakemen not at once succeeding in their attempts
to remedy this temporary difficulty, the deceased, who had meanwhile
joined them, tried to adjust the coupler.

While thus engaged, and being directly in front of the coupler on
which he was working, one brakeman being on either side of him, and
all facing towards the train and away from the locomotive, the en-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

gineer backed the locomotive over the intervening space to the train end, with the result that intestate was caught between the drawheads and fatally injured. The court instructed the jury in effect that, if they found that this movement of the locomotive by the engineer was not made in the exercise by him of reasonable care and prudence, then negligence on the part of defendant causing the injury had been proved.

It is urged by appellant that this statement of the law of the case, to which sufficient exception was taken on the trial, is erroneous. In support of this position it is claimed, as stated in the reply brief for appellant:

"That one who is a vice principal cannot recover from the employer for the negligence of another vice principal, where the other vice principal is of superior rank and in control of the other vice principal."

He admits that, in cases where the statute hereinafter referred to applies, a vice principal, injured solely by the negligence of another vice principal of the employer, of equal authority with and not subject to the control of the former, would have a cause of action against the employer. The authorities seem to so hold. Kent v. Jamestown Street Rwy. Co., 205 N. Y. 361, 98 N. E. 664; Simons v. Brooklyn Heights R. R. Co., 142 App. Div. 36, 126 N. Y. Supp. 792; Gorman v. Brooklyn, Queens County and S. R. R. Co., 147 App. Div. 21, 131 N. Y. Supp. 686. Why the negligent employé in the first class of cases, the particular act of negligence not resulting from nor connected with any superior authority or control exercised over him at the time by the injured employé, should not be considered under the statute as a vice principal of the employer, if the negligent employé in the second class is made by the statute a vice principal, is not clear. The statute (section 42a, which was added by chapter 657 of the Laws of 1906 to the Railroad Law [Laws of 1890, c. 565], and now being section 64 of the Railroad Law [Laws of 1910, c. 481; Consol. Laws 1910, c. 49]) does not in terms indicate any such distinction in the two classes of cases. One class of employés of railroad corporations, who are by the act separately designated as vice principals of the employer, are those "who have, as a part of their duty, for the time being physical control or direction of a * * * locomotive engine"; and, as the statute further provides, in all actions against such employer for personal injury to, or death resulting from personal injury of, any person while in its employment, due to the negligence of its employés of the designated class, such negligent employés "are not fellow servants of such injured or deceased employé." No suggestion is made in the terms of this part of the statute, at least, that the liability of the employer in such case is to be limited, or affected, by a determination of the relative authority intrusted by it to the negligent and to the injured employé.

This question was fully and satisfactorily discussed in the opinion of Thomas, J., in the case of Simons v. Brooklyn Heights R. R. Co., supra, and our conclusion that the engineer in this case was as to the deceased the vice principal of the defendant may well be based on that part of his opinion. It also receives incidental support in the case of

Eagen v. Buffalo Union Terminal R. R. Co., 200 N. Y. 478, 93 N. E. 1110. In that case a conductor employed by defendant was killed while attempting to couple to the train of which he had apparent charge one of the devices used by his employer in its business. The trial court in 'that case charged that both the engineer who was operating the engine and the conductor's helper, one Donahue, who stood at the side of the train to direct by signal the engineer as to the movement of the train, were each vice principals of the common employer, for whose acts the employer would be responsible, if the negligence of either was the sole cause of the conductor's injury. The judgment in favor of the plaintiff was reversed by the Court of Appeals, apparently on the sole ground that the court erred in charging the jury that the helper, Donahue, was a vice principal of the employer. By inference, therefore, it would appear that the charge of the court that the engineer was, under the statute, as to the conductor a vice principal of the employer, was approved.

The Supreme Court of Indiana has also held that a liability may arise under the somewhat similar statute of that state for an injury to a conductor through the negligence of an engineer in charge of the locomotive upon the same train, notwithstanding a rule of the company making the conductor in some respects the superior servant. Pittsburgh, C., C. & St. L. R. R. Co. v. Collins, 168 Ind. 467, 80 N. E. 415. Appellant's counsel cites no case in this state which, as it now appears to us, is in conflict with our conclusion. The cases from other jurisdictions, to which attention is called in the brief, in each instance involved a consideration of particular statutes materially differing both in phraseology and substantive provisions from that of this state.

None of the other exceptions seem to be of sufficient importance to call for a particular reference to them. The evidence warranted a finding by the jury that deceased came to his death by reason of injuries caused by the negligence of the engineer, and that no negligence of deceased contributed to that injury. We cannot say that the verdict was excessive under the circumstances.

The judgment and order should be affirmed, with costs. All concur.